1  Thomas M. Klein (010954)
   **BOWMAN AND BROOKE LLP**
2  2901 North Central Avenue, Suite 1600
   Phoenix, Arizona  85012
3  Tel:  (602) 643-2300
   Fax: (602) 248-0947
4  thomas.klein@bowmanandbrooke.com
   Minute Entries:  mme@phx.bowmanandbrooke.com
5
   Attorneys for Defendant General Motors LLC
6

7               **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9  Michelle Bender and Charles Greenwald,          Case No.
   surviving children of Georgeanne Greenwald,
10 deceased, Michelle Bender as personal
   representative of the Estate of Georgeanne      **NOTICE OF REMOVAL**
11 Greenwald,

12              Plaintiffs,

13         vs.

14 General Motors LLC, a Delaware limited
   liability company; Delphi Automotive, PLC, a
15 foreign limited liability company; Delphi
   Automotive Systems, LLC, a limited liability
16 company; APTIV PLC, a foreign company;
   TRW Automotive U.S. LLC, a foreign
17 corporation; Bell Road Motors, LLC doing
   business as Arrowhead Cadillac, an Arizona
18 limited liability company; Edgar Juarez and
   Jane Doe Juarez, husband and wife; ABC
19 Corporations I-X; XYZ Partnerships I-X; John
   Does I-X; Jane Does I-X; fictitious individuals;
20 Sole Proprietorships and/or Joint Ventures I-X;
   fictitious entities,
21
                Defendants.
22

23         Defendant  General  Motors  LLC  ("New GM")  removes  this  action  from  the

24 Superior Court of the State of Arizona, County of Maricopa to the United States District

25 Court for the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. §§ 1441 and

26 1452, Bankruptcy Rule 9027, and based on the following facts:

27 / / /

28 / / /

<u>**BACKGROUND**</u>

1.      On April 30, 2018, New GM was served with a Complaint in an action styled *Michelle Bender and Charles Greenwald, surviving children of Georgeanne Greenwald, deceased, Michelle Bender as personal representative of the Estate of Georgeanne Greenwald v. General Motors LLC, a Delaware limited liability company, et al.*,[1] No. 2018-005784, filed April 9, 2018, in the Superior Court of the State of Arizona, County of Maricopa (the "Action").

2.      This Action arises out of a two-vehicle accident that allegedly occurred on April 10, 2016, when Plaintiffs' decedent, Georgeanne Greenwald, was operating her 2006 Cadillac DTS (VIN 1G6KD57Y16U144201) and was involved in a collision with a 1996 Chevrolet Suburban driven by defendant Edgar Juarez ("Subject Accident"). Compl. ¶ 26. Plaintiffs allege that airbags in the Cadillac DTS did not deploy, and contend that the 2006 Cadillac DTS had an ignition switch defect that rendered it unreasonably dangerous and caused the accident and their decedent's fatal injuries. *Id*. ¶¶ 35–38, 43, 60, 71.

3.      Plaintiffs seek recovery of compensatory and punitive damages from New GM under theories of strict products liability, negligence, and breach of warranty. *Id*. ¶¶ 57–101.

4.      On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition

---

[1] In addition to New GM, the remaining defendants include: *Delphi Automotive, PLC, a foreign limited liability company; Delphi Automotive Systems, LLC, a limited liability company; Aptiv PLC, a foreign company; TRW Automotive U.S. LLC, a foreign corporation; Bell Road Motors, LLC doing business as Arrowhead Cadillac, an Arizona limited liability company; Edgar Juarez and Jane Doe Juarez, husband and wife; ABC Corporations I-X; XYZ Partnerships I-X; John Does I-X; Jane Does I-X; fictitious individuals; Sole Proprietorships and/or Joint Ventures I-X; fictitious entities.*

Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as <u>Exhibit A</u>. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5.      This Action is one of more than 450 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches or inadvertent key rotations, including the Cadillac DTS. The Ignition Switch Actions have been brought in at least 39 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, and Texas. *See generally* MDL No. 2543, e.g., ECF Nos. 762, 3074, 1402, attached as <u>Exhibit B</u>: *Bermudez, et al. v. General Motors LLC*, 15-cv-0634 (S.D. Tex.) (asserting personal injury damages involving numerous Cadillac DTS model year vehicles, among others); *Kats, et al. v. General Motors LLC*, 16-cv-1731 (S.D. Tex.) (same); *Losey, et al. v. General Motors LLC*, 15-cv-7416-JMF (S.D.N.Y.) (asserting personal injury damages involving 2008 and 2010 Cadillac DTS model year vehicles, among others).

6.      As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

/ / /

/ / /

1

**BASIS FOR REMOVAL**

2        7.        This Action is properly removable because it is a civil proceeding that

3   (i) arises in a case under 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"); and/or (ii) is

4   related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to

5   28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28

6   U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

7        8.        On June 1, 2009, Motors Liquidation Company, f/k/a General Motors

8   Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the

9   United States Bankruptcy Court for the Southern District of New York ("New York

10  Bankruptcy Court").

11       9.        On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale

12  Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's

13  assets to the predecessor of New GM. The sale of assets was free and clear of all liens,

14  claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and

15  Injunction, attached as <u>Exhibit C</u> ¶ 7. The 363 Sale was consummated on July 10, 2009.

16  Ultimately, New GM was transferred certain of Old GM's assets and also assumed

17  certain limited, specifically identified  liabilities, as described in the Sale Order and

18  Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale

19  Agreement").

20       10.       The terms of the Sale Order and Injunction, and the Sale Agreement that it

21  approved, limits New GM's liabilities relating to vehicles and parts sold by Old GM. *See*

22  *id.* ¶¶ 44–45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y.

23  2009), *aff'd sub nom., In re Motors Liquidation Co*., 428 B.R. 43 (S.D.N.Y. 2010), and

24  430 B.R. 65 (S.D.N.Y. 2010).[2]

25

───────────────

26          [2] New GM's obligations under the Sale Order and Injunction have been the subject
    of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for
27  the Southern District of New York ("New York District Court"), and the United States
    Second Circuit Court of Appeals. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d
28  Cir. 2016) ("Second Circuit Opinion"); Judgment entered by the New York Bankruptcy

11.     The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to interpret and enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

12.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core, arising in jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this Action, which involves the resolution of disputes concerning the interpretation and enforcement of the Sale Agreement, the Sale Order and Injunction, and the Bankruptcy Code necessarily invokes the jurisdiction of the

---

Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. There are ongoing proceedings in the New York Bankruptcy Court and the New York District Court related to a series of issues arising from the Second Circuit Opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802); *In re Motors Liquidation Co.*, 571 B.R. 565 (Bankr. S.D.N.Y 2017) ("July 2017 Judgment"). The New York Bankruptcy Court's July 2017 Judgment, including issues decided in the December 2015 Judgment, is currently on appeal to the U.S. District Court for the Southern District of New York. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction.

New York Bankruptcy Court. *See In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013) ("[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders"); *In re McGhan*, 288 F.3d 1172, 1175 (9th Cir. 2002) ("The bankruptcy court was required to reopen the proceedings to protect its exclusive jurisdiction over the enforcement of its own orders"); *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc.*, No. CIV 08-0502-PHX-DKD, 2009 WL 8238063, at *2 (D. Ariz. Mar. 31, 2009) ("A bankruptcy court also has the power to enforce its own orders pursuant to 11 U.S.C. § 105.") (citations omitted).

13.    Plaintiffs' claims in this Action relate to a vehicle manufactured by Old GM, seek to hold New GM liable for Old GM conduct, and assert a claim for punitive damages based in whole or in part on the conduct of Old GM. *See* Compl. ¶¶ 26–27, 47–48, 53, 58, 66–67, 78, 93, Prayer. New GM, however, did ***not*** assume claims for punitive damages based on the conduct of Old GM. *See* Sale Agreement § 2.3(b)(ix); December 2015 Judgment ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); *In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("…Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on the conduct of Old GM.").

14.    In addition, the Complaint contains allegations that require interpretation and application of the New York Bankruptcy Court's rulings because, among other things, the Complaint alleges that New GM manufactured or designed the Old GM vehicle, or performed other actions relating to the Old GM vehicle before the closing of the 363 Sale, which were performed by Old GM and not New GM. *See* December 2015 Judgment ¶ 18.

15.    The New York Bankruptcy Court has exercised "gatekeeping" jurisdiction with respect to plaintiffs who, among other things, (i) are not asserting claims arising

from Subject Vehicles with the Ignition Switch Defect (both as defined by federal cases), and (ii) are seeking punitive damages against New GM in violation of the Sale Order and Injunction. In fact, the New York Bankruptcy Court has stated that it is the "gatekeeper" that will decide what allegations, claims and requests for damages get through the bankruptcy "gate." *In re Motors Liquidation Co.*, 586 B.R. 217, 222 (Bankr. S.D.N.Y. 2017) ("'The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order' and this Court's prior decisions." (quoting *In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015))).

16.     Plaintiffs' Complaint necessarily requires judicial construction and/or interpretation of the Sale Agreement, the Sale Order and Injunction, and federal court rulings.

17.     This case is fundamentally different than the *Synott v. General Motors LLC*, 14-md-2543 (JMF) case. In Judge Furman's *Opinion and Order*, dated November 9, 2017 [MDL ECF No. 4797], the court found that the lawsuit would be remanded because (i) the Second Circuit Opinion allowed the *Synott* plaintiff's lawsuit (involving a Cobalt-Ion vehicle) to proceed against New GM "despite the 'free and clear' provisions in the Sale Order" (*id.* at 6), and (ii) the New York Bankruptcy Court had settled the question whether plaintiffs could pursue punitive damages against New GM based on Old GM conduct (the plaintiff in *Synott* sought punitive damages in violation of settled precedent, but represented that she would amend her Complaint to strike her punitive damages request upon remand) (*id.* at 6-7).[3]

18.     In contrast, the Second Circuit Opinion does not govern Plaintiffs' lawsuit here because the 2006 Cadillac DTS involved in this case was not subject to the Ignition Switch recalls that were at issue in the Second Circuit Opinion, and Plaintiffs have not

---

[3] The New York Bankruptcy Court's punitive damages ruling is currently the subject of two appeals pending in the United States District Court for the Southern District of New York. *See* Case Nos. 1:17-cv-06088-JMF (S.D.N.Y.), 1:17-cv-08294-JMF (S.D.N.Y.).

demonstrated a due process violation with respect to the 363 Sale, and therefore remain fully bound by the Sale Order and Injunction and Sale Agreement. In addition, Plaintiffs are seeking punitive damages against New GM based on Old GM conduct, and have not agreed to strike such request from their Complaint. Further, the Complaint contains allegations that require interpretation of the Sale Order and Injunction, the Sale Agreement, and other New York Bankruptcy Court rulings. Thus, the *Synott* ruling does not apply here. Accordingly, the Action implicates the New York Bankruptcy Court's core, arising in, related to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

### REMOVAL IS TIMELY

19.    This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. §1446(b). Plaintiffs filed suit on April 9, 2018, and New GM was served with the Summons and Complaint on April 30, 2018. *See* Exhibit D.

### VENUE

20.    The United States District Court for the District of Arizona, Phoenix Division, is the United States District Court embracing the Superior Court of the State of Arizona, County of Maricopa, where this action was filed and is pending. *See* 28 U.S.C. § 94(b)(1). Therefore, venue of this removed action is proper in this Court.

### CONSENT

21.    "Only defendants against whom a claim [arising under the Constitution, laws, or treaties of the United States] has been asserted are required to join in or consent to" removal pursuant to federal question jurisdiction. 28 U.S.C. § 1441(c)(2). The consent of the other defendants in this Action is not necessary, as there are no claims against any other defendants that invoke federal question jurisdiction.

/ / /

/ / /

/ / /

## NOTICE TO THE STATE COURT

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Superior Court of the State of Arizona, County of Maricopa.

## STATE COURT FILINGS

23.     New GM files herewith as Exhibit D copies of all process served upon it in this Action as part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Action in the Superior Court of the State of Arizona, County of Maricopa, be removed to this Court, and that no further proceedings be had in the Arizona state court.

This 21st day of May, 2018.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

*/s/ Thomas M. Klein*
Thomas M. Klein

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

**COPY** of the foregoing mailed this 21st day of May, 2018, to:

Robert K. Lewis
Ryan A. Lamb
LEWIS LAW FIRM
2302 N. 3rd Street
Phoenix, AZ  85004

Amy M. Pokora
POKORA LAW, PLC
2302 N. 3rd Street
Phoenix, AZ  85004

*Attorneys for Plaintiffs*

*/s/ D. Schwartz*